## VECCHIO v. STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10521. Decided April 21, 1930

Morganstern & Morganstern, Cleveland, and Peter A. McNamara, Cleveland, for Vecchio.

Ray T. Miller, Prosecuting Attoreny and David Ralph Hertz, both of Cleveland, for State.

SULLIVAN, J.

Discussing the last assignment of error first it is obvious that the only question at issue was whether the defendant was guilty of the crime charged and not whether the mother of the prosecutrix had made similar charges against the step-father. If the assignment of error was that the court refused to permit evidence showing carnal relations on or about the time in question with the step-father, and that the conversation between the mother and stepfather was upon that point, then it might be said that there was error on the part of the court providing the offer to prove would show such conduct or statement on the part of the stepfather as would bear upon the point at issue raised by the indictment at bar, but the mere refusal of the court to permit the introduction of an accusation by the mother would not be in line with such reasoning, and there is no rule that would make the accusation, in the form that it is raised in the instant case, competent evidence. It is plainly a collateral issue and in no wise bears upon the issue in the case at bar.

Coming to the assignment of error that the prosecutor was guilty of misconduct in his argument to the jury we do not think the contention is well founded, for the reason that inasmuch as the defendant did not take the stand to deny the accusation under the indictment, he became the subject, under the amendment of the constitution, of comment on the part of the prosecuting attorney, and we do not find in the language used by the prosecuting attorney, that he went beyond the constitutional limitations. By way of inference and argument he asserts that in ninety-nine cases out of a hundred the reason defendants did not take the stand in criminal cases was because the prosecutor had in his file sufficient information to establish the guilt of the accused. This is a general observation and does not specifically apply to the defendant in the case at bar, and we do not think, therefore, for this reason that it was error and when we come to consider the constitutional privilege given the prosecutor by the amendment we do not think that even if such language had been used as specifically applicable to the defendant in the instant case, that it would have been eror because such a comment is an inference following the neglect and refusal of defendant to take the stand and deny the charges made.

Coming to the assignment of error that the court erred in permitting the state to offer testimony concerning defendant's age after both the state and the defense had completed its argument, upon examination of the record we find that there is no pre-

judicial error here for the reason that the state had failed to show that the defendant was over the age of eighteen as provided for in the statute and we think it would have been clear error on the part of the court under such a situation to refuse the application of the state, even at that point in the trial, to offer evidence concerning the defendant's age. It was a matter of discretion and we do not think there was any abuse of it when we come to consider the circumstances of facts surrounding the case at the time.

Coming to the remaining assignment of error, that the testimony was insufficient in law to convict, we are of the opinion that this assignment of error is not sustained by the record, for the reason that there was corroborating evidence. For instance, the birth of the child as bearing upon the statement of the prosecutrix as to the commission of the crime, and the statement of another witness who testified as to the age of the defendant, which was material and vital in order to convict under the statute. However, the vital circumstance which corroborates the story of the prosecutrix is the neglect and refusal of the defendant to take the stand and deny the charges made. This in and of itself is very substantial corroboration of the testimony to prove the crime, because the silence of defendant under charges when he had the privilege of the witness stand is an inference and conclusion which supports and corroborates the testimony of the prosecutrix. Under the constitutional amendment, giving the state the right to comment upon the absence of the defendant in a criminal case to testify, it is clear that the legislature intended thereby to impress, in the trial of a criminal case, upon the court and jury the significance of the silence, under fire, of the defendant, under the charges of an indictment. Thus we think that the evidence in the case is sufficient as it was submitted to the jury, to form the foundation of a conviction under the rules of the criminal law, and for that reason the judgment of the common pleas court is hereby affirmed.

Vickery, P. J., and Levine J., concur.